PEOPLE *v*. WIRTH.

CRIMINAL LAW — MOTOR VEHICLES — STATUTES — CONSTRUCTION — MANUFACTURER'S LICENSE.

> In a prosecution for violating the act relating to the registration of motor vehicles (1 Comp. Laws 1915, § 4797 *et seq.*, as amended by Act No. 383, Pub. Acts 1919), evidence that defendant was driving on the public highways a motor truck employed in the private business of his employer, an automobile manufacturer, while displaying thereon the distinctive license number of said employer as a manufacturer instead of a separate license number assigned by the secretary of State, as required by said statute, *held*, sufficient to sustain his conviction.

Error to recorder's court of Detroit; Marsh (Pliny W.), J. Submitted January 17, 1922. (Docket No. 170.) Decided June 5, 1922.

George Wirth was convicted of violating the automobile law. Affirmed.

*Philip H. Robinson,* for appellant.

*Merlin Wiley*, Attorney General, *J. E. Converse,* Assistant Attorney General, and *Paul W. Voorhies,* Prosecuting Attorney, for the people.

WIEST, J. Defendant was convicted in the recorder's court for the city of Detroit, under a complaint charging him with unlawfully driving a motor vehicle on a public highway without having license number plates assigned thereto by the secretary of State. Defendant was in the employ of Dodge Brothers, automobile manufacturers, as a motor truck driver, and at the time of his arrest was driving with a load of automobile parts to a freight depot, using a

---

For authorities discussing the question of validity of license tax on automobiles, see notes in 1 L. R. A. (N. S.) 215; 21 L. R. A. (N. S.) 41; 37 L. R. A. (N. S.) 440; 52 L. R. A. (N. S.) 949; L. R. A. 1915D, 322.

motor truck manufactured by the Packard Motor Car Company and owned by his employer and had displayed thereon the regular Dodge Brothers manufacturers' license "No. 48-M." The recorder found defendant guilty and fined him $10.

The case is here on writ of error and presents the question of whether a motor truck employed in the conduct of the business by a manufacturer of motor vehicles must have a separate license or comes under the law relating to general distinctive number or numbers assigned to a manufacturer. This calls for• a construction of the statute relative to the registration of motor vehicles by manufacturers. The statute (Act No. 302, Pub. Acts 1915 [1 Comp. Laws 1915, § 4797 *et seq.*], as amended by Act No. 383, Pub. Acts 1919), provides for an application to the secretary of State for the registration of motor vehicles and the assigning of a distinctive number to each vehicle and the furnishing of a number plate, and:

"No person shall operate or drive a motor vehicle on the public highways of this State, unless such vehicle shall have the number plates assigned to it by the secretary of State conspicuously displayed." * * *

Section 13 relates to registration by manufacturers and dealers:

"Every person, firm, association or corporation manufacturing or dealing in motor vehicles may, instead of registering each motor vehicle so manufactured or dealt in, make an application upon a blank to be furnished by the secretary of State for a general distinctive number or numbers for all the motor vehicles owned or controlled by such manufacturer or dealer. Such application shall be accompanied by an affidavit setting forth the truth of the facts therein alleged and shall contain:

"(*a*) A statement setting forth whether the applicant be a dealer or manufacturer;

"(*b*) The name, residence and business address of such manufacturer or dealer. * * *

"There shall thereupon be assigned and issued to such manufacturer or dealer a general distinctive number or numbers and duplicate number plates in the manner provided by section four which shall be in the form of plates as provided in section twelve, duplicates of which shall be carried or displayed by every motor vehicle of such manufacturer or dealer so registered when the same is driven or operated on the public highways. Such manufacturer or dealer may obtain as many duplicate sets of such number plates as may be desired upon payment to the secretary of State of ten dollars for each duplicate set in excess of the first three issued with the license. Nothing in this section shall be construed to apply to a motor vehicle operated by a manufacturer or dealer for private use or for hire, and the operation on the public highways of this State for private use or for hire of any motor vehicle under a manufacturer's or dealer's license, and with the number plates assigned to any manufacturer or dealer displayed thereon, shall be deemed to constitute a violation of the provisions of this act. * * * No provision in this section shall be construed to apply to a motor vehicle operated by a manufacturer or his authorized representative between the factory where such motor vehicle is manufactured and any railroad depot, railroad siding, warehouse, steamship dock, or other place where such motor vehicle is to be delivered for shipment, or to the warehouse or salesroom of such manufacturer; *Provided,* That the person so operating a motor vehicle under the provisions of this section shall be a registered chauffeur under the terms hereof and shall be furnished by the manufacturer or his authorized agent with an order for the delivery of such motor vehicle to its destination, which order shall bear the date upon which it is issued and shall contain the number of the motor vehicle so operated and the point to which it is to be delivered: *Provided further,* That any such motor vehicle sold by the manufacturer or dealer may be driven by a registered chauffeur under its own motor power on any of the public highways of this State from the factory or place of business to the place of residence of the purchaser." * * *

Defendant claims the truck he was driving falls

within the provision of the statute permitting a general distinctive number for all motor vehicles owned or controlled by Dodge Brothers.    With this we cannot agree.    The motor truck he was driving was employed in the conduct of the business of Dodge Brothers.    The statute relates to motor vehicles manufactured by any person or company, and the shipment, delivery, demonstration and operation thereof in the course of sale upon highways.    A motor truck employed in the conduct of the business, whether purchased from another maker or made by the company so devoting the same to purely commercial purposes, such as the trucking business of the company, does not fall within the permitted registration of motor vehicles by manufacturers.    Such use is in its very nature a private one, and clearly outside of permitted operation upon the public highways of the motor vehicles manufactured by the company.    Nothing in other sections of the statute militates against this view.    The law does not admit of manufacturers operating motor trucks upon the highways, in the general conduct of the business of the factory, under a manufacturer's number.

Every manufacturer of motor vehicles "may, instead of registering each motor vehicle so manufactured," make application for and obtain "a general distinctive number or numbers for all motor vehicles owned or controlled by such manufacturer," but may not employ motor vehicles under such number or numbers upon the highways in the industrial conduct of the business of the company.

The truck so driven by the defendant required a separate license.

The conviction is affirmed.

FELLOWS, C. J., and CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.